UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

SAWSEN M.,

            Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 2:22-cv-01496-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

Plaintiff filed her applications for SSI and DIB on March 11, 2020. AR 62, 167. The alleged date of onset is July 1, 2018. *Id.*

After the Commissioner denied benefits, plaintiff appealed and the ALJ held a hearing on July 29, 2021. AR 35-61. The ALJ found plaintiff's severe impairments are: "carpal tunnel syndrome, left knee meniscal tear, degenerative disc disease of the spine, migraine headaches, depression, and post-traumatic stress disorder ('PTSD')".

AR 18. After finding that plaintiff would not be able to perform her past work (at step four), the ALJ determined (at step five) plaintiff was not disabled, and that plaintiff would be able to perform light work, in jobs such as marker, photo copy machine operator, surveillance system monitor, and document preparer. AR 28-29.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence**

Plaintiff alleges the ALJ committed harmful error by rejecting or discounting medical evidence from: a clinical psychologist, Jenna Yun, Ph.D.; a mental health counselor, Mustafa Mohammed, MBCHB, MHP, AAC; an Advanced Registered Nurse Practitioner (ARNP) Bethany Smith; and a physician, Dr. Thomas H. Jansen D.O. Dkt. 11, Plaintiff's Opening Brief. Plaintiff seeks a remand for award of benefits, or, in the alternative, a remand for additional proceedings. Dkt. 11, at 18.

1    The defendant asserts that the ALJ properly considered all the medical evidence
2  and found persuasive the assessments by Clinical Psychologists Michael Regets, Ph.D.
3  and Ian Lewis, Ph.D., as well as Dr. Christine Harmon, MD and Dr. Norman Staley, MD.
4  Dkt. 19, Defendant's Brief. The defendant asserts the ALJ did not commit error; but, in
5  the alternative, if harmful error occurred, then the appropriate remedy would be a
6  remand for additional proceedings. Dkt. 19 at 9-10.

7    Under the 2017 regulations, the Commissioner "will not defer or give any specific
8  evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's]
9  medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless
10 explain with specificity how he or she considered the factors of supportability and
11 consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b),
12 416.920c(a)–(b).

13   The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th
14 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific
15 and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is
16 incompatible with the revised regulations" because requiring ALJ's to give a "more
17 robust explanation when discrediting evidence from certain sources necessarily favors
18 the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

*Id.*

The ALJ is tasked with resolving conflicting medical evidence; if the ALJ has chosen a reasonable interpretation – from among various reasonable interpretations that could be drawn from the evidence – the Court is required to uphold the ALJ's conclusion if supported by substantial evidence. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041-1042 (9th Cir. 2008); *Andrews v. Shalala,* 53 F.3d 1035, 1039-1040 (9th Cir. 1995).

In this case, the ALJ's decision regarding plaintiff's physical symptoms and limitations complies with the regulations, and with the Ninth Circuit's holding in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Regarding physical limitations, the RFC incorporated many of the limitations found by ARNP Smith (evaluation dated 3-10-2020, AR 425-428) (evaluation dated 8-4-2021, AR 533-537) and Dr. Jansen (letter dated 8-3-2021, AR 532). AR 20, 25.

The RFC stated (in relevant part) that plaintiff would be able to perform light work, but "is limited to occasionally climbing ramps and stairs, stooping, and balancing and never kneeling, crawling, or climbing ladders, ropes, or scaffolds. She can never perform overhead reaching and is limited to frequently handling and fingering bilaterally. . .. She can never tolerate exposure to vibration, . . . or hazards." AR 20. The ALJ reasonably found that conclusions reached by Dr. Harmon and Dr. Staley (AR 70-72, 84-85, 100-102, 115-117) were more persuasive, because they were consistent with the plaintiff's daily activities and treatment records, concerning plaintiff's symptoms and work-related limitations with respect to the conditions involving cervical spine, and migraines.

But the ALJ's decision regarding mental health conditions does not explain the supportability and consistency factors and is not supported by the record.

The RFC, in relevant part, addressed plaintiff's mental health conditions as follows:

". . . . She can understand, remember, and carry out simple instructions and make simple work-related decisions. She can work at a consistent pace throughout the workday, but not at a production rate pace where tasks must be performed quickly such as that found on an assembly line or conveyor belt. The claimant can tolerate occasional interaction with coworkers, supervisors, and the public, but should avoid any tandem work tasks. She can tolerate occasional changes in routine work settings and should have very little independent decisionmaking with no responsibility for the safety of others." AR 20.

Regarding the evidence of psychological limitations, treatment notes from 2020 show the plaintiff underwent treatment and there was improvement, with medication and therapy. AR 506-515. The ALJ found that the treatment records were not consistent with the findings of clinical psychologist, Jenna Yun, Ph.D. (evaluation dated 2-24-2020, AR 331-335), and mental health counselor, Mustafa Mohammed (evaluation and letter of 6-22-2021, AR 517-522), about plaintiff's mental health limitations. AR 24-26.

Yet, mental health symptoms, and cognitive functioning, may be presented differently during, and outside of a therapy session. *See Ghanim v. Colvin,* 763 F.3d 1154, 1164 (9th Cir. 2014) ("observations of cognitive functioning during therapy sessions do not contradict [plaintiff's] reported symptoms of depression. . ."). And, as in

this case, where the treatment record shows sometimes there was improvement, but also the context shows that even with improvement plaintiff's symptoms and limitations were severe – this would indicate that symptoms and limitations may have worsened at times, and improved at other times – waxing and waning of symptoms and limitations would not be inconsistent with the February 2020 evaluation results of Dr. Yun or the June 2021 evaluation letter submitted by MHP Mohammed. *See Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) (when a person makes some improvement in their symptoms of panic attacks, anxiety, and depression, this must be considered in context and does not necessarily mean the symptoms have been successfully managed or would not seriously affect the plaintiff's ability to function in a full-time job).

The ALJ did not consider the evidence of plaintiff's work history, showing lack of ability to attend work on a regular basis, and failed to consider the connection between her mental health symptoms and physical symptoms concerning her cervical spine. *See Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir. 2014) (during the progression of a mental health condition, symptoms may wax and wane); *E.g.*, AR 345-355 (notes dated 2-26-2020; indicates that plaintiff had not been seen for about two years due to lack of insurance and being outside the United States – cervical spine and migraine headaches, as well as stress symptoms, causing her to miss at least two days per month from work); AR 504-505 (notes dated 10-30-2020, indicate severe impairment in multiple areas of daily life; plaintiff reported she previously worked for Goodwill "but her boss told her that she would cry too much and needed to take time off to get her 'strength back.'"); AR 515 (notes dated 8-18-2020; indicates plaintiff has depression, presents as nervous/anxious and experiences insomnia).

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id.* at 1052, 1054; *see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

The error of the ALJ concerning plaintiff's mental health conditions in this case is not harmless. The ALJ did not include limitations with respect to the severe PTSD symptoms and limitations found by Dr. Yun. Dr. Yun determined that plaintiff would be severely limited in the ability to maintain appropriate behavior in a work setting, and indicated a severe limitation that plaintiff would not be able to complete a normal workday and work week without interruptions from psychologically based symptoms. AR 333. A severe limitation means "inability to perform the activity in regular competitive employment or outside of a sheltered workshop." AR 333.

Dr. Yun also found plaintiff had marked limitations for a wide range of work-related functions. AR 333. For example, Dr. Yun found plaintiff would have a marked limitation regarding performing activities on schedule, maintaining regular attendance, being punctual, without special supervision. On remand, the Commissioner should evaluate the February 2020 evaluation results of Dr. Yun in light of the entire medical record.

Both Dr. Yun, and MHP Mohammed, found marked limitations in the following areas: ability to understand and remember detailed (3 or more step) instructions, ability

to carry out detailed instructions, and ability to respond appropriately to expected changes in work routine and setting. AR 333, 518-519.

In addition, the June 2021 evaluation letter submitted by MHP Mohammed contains an assessment of symptoms and limitations found to be severe – ability to respond appropriately to unexpected changes in work routing and setting, and ability to travel in unfamiliar settings and use public transportation, that are not incorporated by the ALJ in the RFC. AR 519.

Although the RFC does incorporate the limitation regarding complex instructions, it does not mention plaintiff's marked or severe limitation concerning expected or unexpected changes in work routine and setting. AR 20. The RFC only states that "[plaintiff] can tolerate occasional changes in routine work settings." *Id.* There is also no mention of plaintiff's severe limitations concerning use of public transportation, or severe limitation with respect to appropriate workplace behavior or interruptions from psychiatric or psychological symptoms. *Id.*

**2. Whether the Court should reverse with a direction to award benefits**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, plaintiff asks that the Court remand for an award of benefits based on the ALJ's errors in evaluating the medical opinion evidence. The Court has found the ALJ erred by discounting the medical opinion evidence concerning mental health conditions, with respect to the opinions of Dr. Yun, and Mustafa Mohammed, MBCHB, MHP, AAC.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be remanded for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ did not commit error with respect to the evidence of physical conditions. But the Court finds the ALJ harmfully erred in evaluating the evidence of plaintiff's mental health conditions. On remand, the Commissioner is directed to conduct a new hearing, de novo, allow plaintiff

to present additional evidence, and evaluate the February 2020 opinion of Dr. Yun and the June 2021 opinion of MHP Mustafa. The Commissioner should undertake the five-step review and consider the evidence in light of the entire medical record.

Dated this 14th day of September, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge